IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| THERON HAWKINS, | } |
| Plaintiff, | } |
| v. | } Case No.: CV 01-P-2697-S |
| AIG CLAIM SERVICES, INC., et al., | } |
| Defendants. | } |

**ENTERED**

**SEP - 2 2004**

## MEMORANDUM OPINION

Pending before the court is Defendant's Renewed Motion for Summary Judgment and Response to Plaintiff's Rule 56(f) Motion (Doc. #27) filed on June 4, 2004. Plaintiff opposed Defendant's Renewed Motion for Summary Judgment (Doc. #31) on June 25, 2004, and Defendant replied (Doc. #32) on July 6, 2004. The court set this case for its August 31, 2004 motion docket. As explained more fully below, Defendant's Renewed Motion for Summary Judgment is due to be granted.

I.     Background

In this lawsuit, Plaintiff Theron Hawkins has sued Defendants AIG Claim Services, Inc. ("AIG") and Illinois National Insurance Company ("Illinois National") for breach of contract and bad faith in connection with the determination of an insurance claim. (Doc. #1). Plaintiff had a policy of insurance with Illinois National that included coverage for underinsured motorist benefits. (Doc. #27 at 1 ¶ 1). On May 13, 1999, Plaintiff was involved in a two-car accident in which he was injured and suffered damages. (Doc. #27 at 2 ¶ 2). Plaintiff settled with the driver of the other vehicle involved in the accident for $50,000.00, which was the applicable limit of liability under the policy. (Doc. #27 at 2 ¶ 3).

Subsequently, Plaintiff sought underinsured motorist benefits pursuant to his policy with Illinois National. (Doc. #27 at 2 ¶ 4). As part of this process, Plaintiff received an independent medical examination by Dr. Rex Harris. (Doc. #27 at 2 ¶ 5). Dr. Harris provided a written report to Defendants indicating that Plaintiff had a small disc bulge in his cervical spine, that Plaintiff had declined to have surgery, that Plaintiff had a preexisting cervical condition that the car accident had aggravated, and that Plaintiff had reached maximum medical improvement. (Doc. #27 at 2 ¶ 5-6).

After reviewing the results of Dr. Harris's medical evaluation of Plaintiff, Defendants offered $1,000.00 in underinsured motorist benefits to him. (Doc. #27 at 2 ¶ 7). Plaintiff chose not to accept Defendants' offer and apparently made no counter-offer. Rather, he filed this lawsuit. (Doc. #27 at 2 ¶ 8).

II.     Summary Judgment Standard

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact. *See id.* at 323. Once the moving party has met his burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and by his own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. *See id.* at 324.

The substantive law will identify which facts are material and which are irrelevant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *See id.* at 249.

The method used by the party moving for summary judgment to discharge its initial burden depends on whether that party bears the burden of proof on the issue at trial. *See Fitzpatrick*, 2 F.3d at 1115-17 (citing *United States v. Four Parcels of Real Property*, 941 F.2d 1428 (11th Cir. 1991) (en banc)). If the moving party bears the burden of proof at trial, then it can only meet its initial burden on summary judgment by coming forward with positive evidence demonstrating the absence of a genuine issue of material fact; i.e. facts that would entitle it to a directed verdict if not controverted at trial. *See Fitzpatrick*, 2 F.3d at 1115. Once the moving party makes such a showing, the burden shifts to the non-moving party to produce significant, probative evidence demonstrating a genuine issue for trial.

If the moving party does not bear the burden of proof at trial, it can satisfy its initial burden on summary judgment in either of two ways. First, the moving party may produce affirmative evidence negating a material fact, thus demonstrating that the non-moving party will be unable to prove its case at trial. Once the moving party satisfies its burden using this method, the non-moving party must respond with positive evidence sufficient to resist a motion for directed verdict at trial.

The second method by which the moving party who does not bear the burden of proof at trial can satisfy its initial burden on summary judgment is to affirmatively show the absence of evidence in the record to support a judgment for the non-moving party on the issue in question. This method requires more than a simple statement that the non-moving party cannot meet its burden at trial but does not require evidence negating the non-movant's claim; it simply requires that the movant point out to the district court that there is an absence of evidence to support the non-moving party's case. *See Fitzpatrick*, 2 F.3d at 1115-16. If the movant meets its initial burden by using this second method, the non-moving party may either point out to the court record evidence, overlooked or ignored by the movant, sufficient to withstand a directed verdict, or the non-moving party may come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency. However, when responding, the non-movant can no longer rest on mere allegations, but must set forth evidence of specific facts. *See Lewis v. Casey*, 518 U.S. 343, 358 (1996) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

III.  Analysis

In its Motion for Summary Judgment, Defendants maintain that because they have shown an issue of disputed material fact on Plaintiff's breach of contract claim, they are entitled to judgment as a matter of law on Plaintiff's claims of bad faith refusal to pay, bad faith refusal to investigate, and bad faith negotiation. After studying the record on summary judgment and the relevant case law, the court agrees with Defendants.

To prove bad faith under Alabama law, a plaintiff must show:

(a)  an insurance contract between the parties and a breach thereof by the defendant;

4

> (b) an intentional refusal to pay the insured's claim;
>
> (c) the absence of any reasonably legitimate or arguable reason for that refusal (the absence of a debatable reason);
>
> (d) the insurer's actual knowledge of the absence of any legitimate or arguable reason;
>
> (e) if the intentional failure to determine the existence of a lawful basis is relied upon, the plaintiff must prove the insurer's intentional failure to determine whether there is a legitimate or arguable reason to refuse to pay the claim.

*Nat'l Sec. Fire & Cas. Co. v. Bowen*, 417 So. 23 179, 183 (Ala. 1982). Also, for a plaintiff to even maintain a bad faith claim, the party must be able to prove a breach of the insurance policy:

> In the normal case in order for a plaintiff to make out a prima facie case of bad faith refusal to pay an insurance claim, the proof offered must show that the plaintiff is entitled to a directed verdict on the contract claim and, thus, entitled to recover on the contract claim as a matter of law. Ordinarily, if the evidence produced by either side creates a fact issue with regard to the validity of the claim and, thus, the legitimacy of the denial thereof, the tort claim must fail and should not be submitted to the jury.

*Insurance Co. of North Am. v. Citizens Bank of Thomasville*, 491 So. 2d 880, 883 (Ala. 1986).

This dispute is not over the outright denial of the claim. Rather, the controversy between the parties is over the valuation of the claim. The evidence before the court on summary judgment shows that there is a material factual dispute as to the value of Plaintiff's claim for damages resulting from the car accident, and accordingly, a material factual dispute as to his claim for underinsured motorist benefits. The existence of a material factual dispute over Plaintiff's claim for underinsured motorist benefits necessarily means that Plaintiff cannot prevail on his contract claim as a matter of law.

Plaintiff attempts to avoid summary judgment by characterizing his bad faith count as an "abnormal" one. However under Alabama law generally, "[a]bnormal [bad faith] cases have been

5

limited to those instances in which the plaintiff produced substantial evidence showing that the insurer (1) intentionally or recklessly failed to investigate the plaintiff's claim; (2) intentionally or recklessly failed to properly subject the plaintiff's claim to a cognitive evaluation or review; (3) or created its own debatable reason for denying the plaintiff's claim; or (4) relied on an ambiguous portion of the policy as a lawful basis to deny the plaintiff's claim." *State Farm Fire & Cas. Co. v. Slade*, 747 So. 2d 303, 306-07 (Ala. 1999). The evidence before the court shows that Defendants investigated Plaintiff's underinsured motorist benefits claim, subjected Plaintiff to an independent medical examination, and placed a value on Plaintiff's claim based upon this process. Plaintiff has not produced any, much less substantial, evidence showing that Defendants' conduct in placing a value on Plaintiff's claim is somehow inconsistent with the terms of the insurance policy. Moreover, none of the evidence relied upon by Plaintiff in opposing summary judgment substantially supports placing this case into one of the abnormal bad faith categories.

With respect to the case law relied upon by Plaintiff, while *Mutual Service Casualty Ins. Co. v. Henderson*, 2004 U.S. App. LEXIS 8833 (11th Cir. May 4, 2004) is binding precedent, it is easily distinguishable because that case involved an absolute denial of a claim. Plaintiff also cites *Shufford v. Integon Indemnity Co.*, 73 F. Supp. 2d 1293, 1302 (M.D. Ala. 1999), which stands for the principle that bad faith may lie when the insurer offers to pay an amount that is allegedly inadequate. However, this decision is not binding precedent,[1] and Plaintiff has not cited to an Alabama Supreme Court or Eleventh Circuit opinion that supports this proposition. In any event, Plaintiff has not made

---

[1] In *Shufford v. Integon Indemnity Co.*, 73 F. Supp. 2d 1293 (M.D. Ala. 1999), the United States Middle District of Alabama analogizes unjustified delay cases with the inadequate payment of claim situation before it. This court is loathe to follow this authority absent a clear indication from the Alabama Supreme Court or the Eleventh Circuit embracing it.

a sufficient showing of bad faith by putting forth substantial evidence that the offer was intentionally or recklessly undervalued. Therefore, because Plaintiff's claim for bad faith is a conventional one and because Plaintiff cannot show the absence of a debatable reason in the valuation of his contract claim, Defendants are entitled to summary judgment on Plaintiff's bad faith count.[2]

IV.   Conclusion

Defendants have successfully demonstrated that due to the existence of a material factual dispute on Plaintiff's breach of contract claim they are entitled to judgment as a matter of law on Plaintiff's bad faith count. Accordingly, summary judgment as to Plaintiff's bad faith claim is due to be granted. The court will enter a separate order granting Defendants' Renewed Motion for Summary Judgment and dismissing Count Two of Plaintiff's Complaint.

**DONE** this ___2nd___ day of September, 2004.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

---

[2]The ruling contained in this Memorandum Opinion is based upon the evidentiary record presently before the court, which is somewhat limited given the prior ruling by Judge Armstrong as to the scope of proper discovery. The court has wrestled with the issues presented by Plaintiff's counsel in his Rule 56(f) affidavit, and is persuaded that the appropriate balance is to order Defendants to provide Plaintiff with a privilege log identifying those documents from the claim file that have been withheld from production. Plaintiff may seek discovery of those items on the privilege log that are relevant to his breach of contract claim and to the extent there is an evidentiary overlap with respect to his bad faith count, then the court, upon an appropriate motion to amend the complaint, may revisit this decision. Such a motion, if filed, shall set forth all factual and legal bases for allowing the reinstatement of a bad faith count.